**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**GUSTAVO ESTRELLA POOT,**

      **Petitioner,**

**v.**                                                                          **Civil Action No.  3:16-CV-169
(GROH)**

**WARDEN COAKLEY,
FCI Hazelton,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

The Petitioner is a federal inmate incarcerated at FCI Hazelton in the Northern District of West Virginia.   Petitioner, acting *pro se*, initiated this habeas corpus proceeding on December 16, 2016, pursuant to 28 U.S.C. § 2241, seeking relief related to a prison disciplinary proceeding.  ECF No. 1[1] at 1.

On May 18, 2017, Petitioner paid the $5.00 filing fee.  ECF No. 10.  This case is now before the undersigned for a preliminary review and report and recommendation pursuant to 28 U.S.C. §§ 636, 1915A and Local Rule of Prisoner Litigation Procedure 2.

### II.  FACTUAL AND PROCEDURAL HISTORY

On June 4, 2007, Petitioner was sentenced to incarceration for 360 months following his plea of guilty in the Eastern District of Texas, Sherman Division, to "conspiracy to manufacture and possess with intent to manufacture, distribute and

---

[1]  ECF Numbers cited herein refer to case number 3:16-CV-169 unless otherwise noted.

dispense methamphetamine."   E.D.Tx. 4:06-CR-94 ECF Nos. 105, 124.   On July 21, 2016, Petitioner filed a motion to reduce his sentence, which was denied by order entered September 2, 2016.   E.D.Tx. 4:06-CR-94 ECF Nos. 143, 144.

Petitioner alleges herein that while he was housed at the United States Penitentiary Lee ("USP Lee") in Pennington Gap, Virginia, that he received an improper disciplinary infraction, which led to a sanction against Petitioner.   ECF No. 1 at 5. Petitioner exhausted his administrative remedies through the Bureau of Prisons.   Id. Petitioner concedes that he was "given some relief when [his] sanctions were expunged," but seeks to have some sanction imposed upon the USP Lee staff member who acted unprofessionally when interacting with Petitioner when he questioned his disciplinary infraction.   Id. at 7, 8.   Petitioner requests that this court "remand the matter back to the B.O.P. with instructions and or caution regarding USP Lee['s] Unit Manager."   Id. at 8.   In his accompanying memorandum, Petitioner further urges that he wants his case remanded to the BOP with instructions to "put a stop to the ongoing problem" with the USP Lee staff member he complains about.   ECF No. 1-1 at 2.   In the same memorandum, Petitioner requests that he be transferred to a BOP facility "closer to his loved ones," although he does not indicate either a specific facility or state to which he would like to be transferred.   Id.

## III.  STANDARD OF REVIEW

### A.   Pro Se Litigants.

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or

malicious.  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts must read *pro se* allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, a complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

## B.    Case or Controversy Requirement

The Supreme Court has clearly stated that a federal court only has jurisdiction to address a matter when there is an ongoing case or controversy.  "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  Powell v. McCormack, 395 U.S. 486, 496 (1969).

3

The Court more fully addressed this issue in Lewis v. Cont'l Bank Corp., 494 U.S. 472,

477–78, (1990)(citations omitted) holding:

> Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision. Article III denies federal courts the power "to decide questions that cannot affect the rights of litigants in the case before them," and confines them to resolving "'real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'"  This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. To sustain [ ] jurisdiction . . . it is not enough that a dispute was very much alive when suit was filed, or when review was obtained in the Court of Appeals. The parties must continue to have a "'personal stake in the outcome'" of the lawsuit.

Consistent with the holdings of the Supreme Court, the Fourth Circuit has

restated the case and controversy requirement:

> To be cognizable in a federal court, a suit must be a "real and substantial controversy admitting of specific relief of a conclusive character, as distinguished from an opinion advising what the law would be on a hypothetical state of facts." A case is moot if the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. "[M]oot questions require no answer," and federal courts are without jurisdiction to answer them because federal courts do not have the power to issue advisory opinions. These requirements of the mootness doctrine are rooted in Article III of the Constitution, and extend to appellate review, whether or not the parties have raised the issue.

Giovanni Carandola, Ltd. v. City of Greensboro, 258 F. App'x 512, 515 (4th Cir. 2007)

(citations omitted).   Recently, in Rose v. Berryhill, 694 Fed.Appx. 190, 2017 WL

3309770 (4ᵗʰ Cir. Aug. 3, 2017), the Fourth Circuit again addressed courts' lack of jurisdiction where a case or controversy has become moot. "Mootness principles derive from the requirement in Article III of the Constitution that federal courts may adjudicate only disputes involving a case or controversy." 2017 WL 3309770, at *1, quoting Williams v. Ozmint, 716 F.3d 801, 808 (4th Cir. 2013). The Fourth Circuit reiterated that, "A change in factual circumstances can moot a case on appeal, such as when the plaintiff receives the relief sought in his or her claim, or when an event occurs that makes it impossible for the court to grant any effectual relief to the plaintiff." Id. (quoting Williams 716 F.3d at 809). The Court instructed that, "[i]f a live case or controversy ceases to exist after a suit has been filed, the case will be deemed moot and dismissed for lack of standing." Id. (quoting Pender v. Bank of Am. Corp., 788 F.3d 354, 368 (4th Cir. 2015)). "If developments occur during the course of a case which eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief requested, the case must be dismissed as moot." Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

### C.    Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255. It is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." Rice v. Rivera, 617 F.3d 802 (4ᵗʰ Cir. 2010) (internal citations omitted). "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally

barred from filing a § 2255 motion." In re Vial, 115 F.3d 1192, 1194 n. 5 (4ᵗʰ Cir. 1997)

(en banc) (internal citations omitted).

In In re Jones, 226 F.3d 328 (4ᵗʰ Cir. 2000), the Fourth Circuit established a

three-part test to determine whether § 2255 is inadequate and ineffective to test the

legality of a conviction:

> [W]e conclude that § 2255 is inadequate and ineffective to
> test the legality of a conviction when: (1) at the time of
> conviction, settled law of this circuit or the Supreme Court
> established the legality of the conviction; (2) subsequent to
> the prisoner's direct appeal and first § 2255 motion, the
> substantive law changed such that the conduct of which the
> prisoner was convicted is deemed not to be criminal; and (3)
> the prisoner cannot satisfy the gatekeeping provisions of §
> 2255 because the new rule is not one of constitutional law.

"Under the Jones rule a federal prisoner is entitled to pursue a § 2241 motion only when

he had no opportunity to utilize a § 2255 motion to take advantage of a change in the

applicable law." Rice, supra, 617 F.3d at 807.

Whereas a federal prisoner seeking to challenge the validity of his conviction or

sentence must proceed under 28 U.S.C. § 2255 in the district court where he was

convicted, by contrast, a prisoner seeking to challenge the execution of a sentence

must proceed under 28 U.S.C. § 2241 in the district where the prisoner is incarcerated.

> Title 28 U.S.C. §§ 2241 and 2255 each create mechanisms
> for a federal prisoner to challenge his detention, but the two
> sections offer relief for different kinds of perceived wrongs.
> Section 2255 provides relief in cases where the sentence:
> (1) was imposed in violation of the U.S. Constitution or the
> laws of the United States; or (2) was entered by a court
> without jurisdiction to impose the sentence; or (3) exceeded
> the maximum detention authorized by law; or (4) is otherwise
> subject to collateral attack. See 28 U.S.C. § 2255. We have
> held that § 2255 is the appropriate vehicle for a federal
> prisoner to challenge the *imposition* of his

> sentence. *See Chambers v. United States,* 106 F.3d 472, 474 (2d Cir.1997). Section 2241 by contrast is the proper means to challenge the *execution* of a sentence. In a § 2241 petition a prisoner may seek relief from such things as, for example, the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated.

Adams v. United States, 372 F.3d 132, 134–35 (2d Cir. 2004) (emphasis in original) (Cited by Gewin v. United States, 2007 WL 2407066 (N.D.W.Va. Aug. 20, 2007); Leeson v. Saad, 2016 WL 2636302 (N.D.W.Va. May 6, 2016); Jackson v. O'Brien, 2015 WL 4389561 (N.D.W.Va. July 17, 2015); and Cox v. O'Brien, 2015 WL 75055 (N.D.W.Va. Jan. 6, 2015)).

## IV.    ANALYSIS

Petitioner's single ground for relief concerns the actions of a BOP employee, rather than the execution of his sentence.  Petitioner alleges that a BOP staff member at USP Lee was "unprofessional" when she interacted with the Petitioner regarding his inquiry about an alleged disciplinary violation.  ECF No. 1-1 at 1.  Although Petitioner seeks relief under the statute authorizing the writ of habeas corpus, the relief which Petitioner requests is not related to his incarceration or the execution of his sentence. Instead, the relief Petitioner seeks relates to the job performance of a staff member of an institution where he was formerly housed.

Petitioner concedes in his pleadings that he has administratively received the relief he sought in regard to the re-calculation of his custody level points following a disciplinary infraction which was later expunged.  ECF No. 1 at 7, 8.  Article III of the United States Constitution limits the jurisdiction of the federal courts to ongoing cases or

controversies.  A case becomes moot when there is no viable legal issue left to resolve. Powell v. McCormick, 395 U.S. 486, 496 (1969).   The change in Petitioner's circumstances which led to the expungement of the disciplinary proceedings, has led to Petitioner having already received the relief he sought in his petition for habeas corpus, and has made it impossible for this Court to grant any other effectual relief on that ground.  Accordingly, Petitioner's assertion that his custody level points were improperly increased as a result of the disciplinary infraction which was later expunged is now moot.

Because Petitioner seeks other relief that is not related to the writ of habeas corpus, Petitioner cannot state a claim upon which relief can be granted.  Even with a liberal reading of Petitioner's claim, he seeks a penalty to be imposed upon a BOP staff member, which is entirely outside the authority conferred upon the courts in 28 U.S.C. § 2241[2].  Accordingly, because Petitioner has not stated a claim upon which relief can be granted this matter is appropriate for dismissal.

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to

---

[2]  A liberal reading of Petitioner's claims suggests that the remedy he seeks might be more appropriately sought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), not 28 U.S.C. § 2241.

the Honorable Gina M. Groh, Chief United States District Judge.  Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.  28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985); Wells v. Shriners Hosp., 109 F.3d 198 (4th Cir 1997).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk of the Court is directed to send a copy of this Order to the Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record via electronic means.

DATED:      October 26, 2017

/S/ *Robert W. Trumble*
Robert W. Trumble
UNITED STATES MAGISTRATE JUDGE